UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
JOSEPH DACOSTA,
       Plaintiff

v.
                                Case Number:

SPIRIT CRUISES, LLC, a/k/a
SPIRIT OF BOSTON
       Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and says:

### General Factual Allegations

1. The Plaintiff, Joseph DaCosta, is/was at all relevant times a resident of Massachusetts at or near 500 North Quincy Street, Abington, MA.

2. On or about August 20, 2009, at the time of the Plaintiff's accident, the Defendant, Spirit Cruises, LLC was a corporation and or business entity duly organized and/or existing under the laws of the Commonwealth of Massachusetts with its Massachusetts office located at or near World Trade Center, 200 Seaport Blvd., Boston, MA.

3. On or about August 20, 2009, at the time of the Plaintiff's accident, the Defendant, Spirit Cruises, LLC was doing business within the State of Massachusetts.

4. On or about August 20, 2009, at the time of the Plaintiff's accident, the Plaintiff, Joseph DaCosta, was employed by the Defendant, Spirit Cruises, LLC, as a waiter and a member of the crew of the M/V Spirit of Boston.

5. On or about August 20, 2009, at the time of the Plaintiff's accident, the Defendant, Spirit Cruises, LLC, owned the M/V Spirit of Boston.

6. On or about August 20, 2009, at the time of the Plaintiff's accident, the Defendant, Spirit Cruises, LLC, through its agents, servants and employees operated the M/V Spirit of Boston.

7. On or about August 20, 2009, at the time of the Plaintiff's accident, the Defendant, Spirit Cruises, LLC, through its agents, servants and employees controlled the M/V Spirit of Boston.

8. On or about August 20, 2009 at the time of the Plaintiff's accident, the M/V Spirit of Boston was in navigable waters.

9. On or about August 20, 2009, while in the performance of his duties as a waiter in the service of the M/V Spirit of Boston, the Plaintiff, Joseph DaCosta, sustained personal injuries.

10. Prior to and at the time he sustained the above mentioned personal injuries, the Plaintiff, Joseph DaCosta, was exercising due care.

11. This Court has jurisdiction of this matter pursuant to The Merchant Marine Act of 1920, 46 U.S.C., Sec. 688 et seq.

12. This Court has jurisdiction of this matter pursuant to Article III Section 2 of the United States Constitution; the General Maritime Law; and 28 U.S.C., Sec. 1331.

## Count I

### (Jones Act Negligence)
### (Against Spirit Cruises, LLC)

13. The Plaintiff, Joseph DaCosta, reiterates the allegations set forth in paragraphs 1 through 12 above.

14. The personal injuries sustained by the Plaintiff, Joseph DaCosta, were not caused by any fault on his part but were proximately caused by the fault and negligence of the Defendant, its agents or servants, including but not limited to, as follows:

    a.    failure to train;

    b.    failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances;

    c.    failure to use due care and make reasonable and periodic inspection of the said vessel, its equipment and appliances;

    d.    failure to use due care to furnish the Plaintiff with a reasonably safe place in which to perform his work;

    e.    failure and negligence of fellow crew members;

    f.    failure and negligence in other respects that will be shown at trial; and

    g.    wanton conduct of the Defendant.

21. As a direct and proximate result of said injuries, the Plaintiff, Joseph DaCosta, has suffered permanent disability and incomplete recovery such as weakness, chronic pain, scarring and disfigurement, numbness and possibly need for additional surgery and psychological trauma, pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical and hospital expenses, and has sustained and will sustain other damages as will be shown at trial;

22. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Joseph DaCosta, demands judgment against the Defendant, Spirit Cruises, LLP, in the amount of $1,000,000.00, together with interest and costs.

## Count II

### General Maritime Law Unseaworthiness
(Against Spirit Cruises, LLP)

23. The Plaintiff, Joseph DaCosta, reiterates the allegations set forth in paragraphs 1 through 22 above.

24. The personal injuries sustained by the Plaintiff, Joseph DaCosta, were due to no fault of his, but were caused by the unseaworthiness of the MV Spirit of Boston.

25. As a direct and proximate result of said injuries, the Plaintiff, Joseph DaCosta, has suffered permanent disability and incomplete recovery such as weakness, chronic pain, scarring and disfigurement, numbness and possibly need for additional surgery and psychological trauma, pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical and hospital expenses, and has sustained and will sustain other damages as will be shown at trial;

26. This cause of action is brought under the General Maritime Law for Unseaworthiness.

WHEREFORE, the Plaintiff, Joseph DaCosta, demands judgment against the Defendant, Nolan Associates, Inc., in the amount of $1,000,000.00, together with interest and costs.

## Count III

### (General Maritime Law – Maintenance and Cure)
### (Against Spirit Cruises, LLC)

27. The Plaintiff, Joseph DaCosta, reiterates the allegations set forth in Paragraphs 1 through 26 above.

28. As a result of the personal injuries described in paragraph 21 above, the Plaintiff, Joseph DaCosta, has incurred and will continue to incur expenses for his maintenance and cure, which has not been fully paid by the Defendant.

**WHEREFORE**, the Plaintiff, Joseph DaCosta, demands judgment against the Defendant, Spirit Cruises, LLC, in the amount of $450,000.00, for maintenance and cure, together with costs and interest.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED**

Respectfully submitted,
For the Plaintiff, Joseph DaCosta,
By his attorney,

Christopher N. Hug, Esquire
BBO# 546960
P.O. Box 961237
Boston, MA 02196
(617) 227-0400

Dated: September 23, 2010